```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

A.G., et al.                      :      CIVIL ACTION
                                  :
         v.                       :
                                  :
LOWER MERION SCHOOL DISTRICT      :      NO. 11-5025
```

MEMORANDUM

Bartle, J.                                     December 20, 2011

   Plaintiffs A.G. and her parents Charles and Cindy Gregory bring this complaint against Lower Merion School District (the "School District") for violation of § 504 of the Rehabilitation Act ("§ 504"), 29 U.S.C. § 794 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  Before the court is the motion of the School District to dismiss the complaint in part under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  The School District has also moved to dismiss Charles and Cindy Gregory as plaintiffs for lack of standing under Rule 17.

                I.

   When deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading

at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.  This court may consider the allegations in the complaint along with matters of public record and any exhibits attached to the complaint.  E.g., Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

## II.

The following facts are taken in the light most favorable to plaintiffs as the nonmoving parties.  A.G. is an eighteen-year old African American former student of the School District.  The School District identified her as a student with a speech and language disorder and a specific learning disability when she was in elementary school.

In 2008, the School District reevaluated A.G. and determined that she no longer had a specific learning disability. However, the School District determined that A.G. was "other health impaired."  As a result, she continued to receive special education services.  In the summer of 2010, A.G.'s father and

grandmother met with the School District and inquired as to the nature of A.G.'s disability.  The School District did not specifically identify A.G's disability and merely stated that she had "organizational and attention issues."

On December 15, 2010, plaintiffs initiated a request for an administrative due process hearing under the Individuals with Disabilities Education Act ("IDEA").  See 20 U.S.C. § 1400 et seq.  Plaintiffs asserted that the School District incorrectly identified A.G. as a student with a disability and improperly placed her into special education programs.

While that complaint was pending, plaintiffs sent a letter on January 21, 2011 to the School District requesting an independent educational evaluation ("IEE") of A.G. at the School District's expense.  The School District refused plaintiffs' request and filed an administrative due process complaint for a hearing seeking a determination that its evaluation was appropriate as required under the IDEA.  See 34 C.F.R. § 300.502(b)(2).  The parties then agreed to continue the hearing on the plaintiffs' earlier complaint until the School District's complaint regarding the IEE was resolved.

During the hearing on its complaint, the School District asserted that it suspected that A.G. had attention deficit hyperactivity disorder ("ADHD") but avoided using that label due to a belief that A.G.'s parents would react negatively to that diagnosis.  The hearing officer concluded that plaintiffs were not entitled to an IEE at public expense.

Shortly thereafter, the parties resumed the hearing on the plaintiffs' complaint regarding the misidentification of A.G. The hearing officer found that he lacked jurisdiction over plaintiffs' claims under the IDEA because A.G. claimed she was not a student with a disability as required under that statute. See 20 U.S.C. §§ 1400(d)(1)(A), 1415. He also found that he lacked jurisdiction over plaintiffs' claims for modification of A.G.'s educational records under § 504. As a result, he dismissed plaintiffs' due process complaint.

A.G. was graduated from Lower Merion High School in June, 2011. Shortly thereafter, A.G.'s parents had her privately evaluated by Tawanna Jones, a certified school psychologist. Jones concluded that A.G. did not meet the criteria for ADHD or other health impairment.

Plaintiffs then filed their complaint in this court alleging that A.G. was discriminated against because she was "regarded as" disabled by the School District in violation of § 504 and the ADA. They seek a judgment that the School District "wrongly identified Plaintiff A.G. as a student with a disability" and monetary damages "based upon the psychological impact of her misidentification and a calculation of her potential economic loss as a result of her improper placement in special education." Plaintiffs also request attorneys' fees and costs associated with their administrative due process complaint and their complaint in this court.

III.

We first address the School District's motion to dismiss plaintiffs' claim for "all attorneys' fees and costs for the prosecution of the due process complaint and related work." Those administrative complaints, as noted above, were brought under the IDEA. A court may award reasonable attorneys' fees to a parent of a child with a disability who prevails at the administrative due process hearing under that statute. 20 U.S.C. § 1415(i)(3)(B)(i); see also J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 273 (3d Cir. 2002). A party prevails when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

At the first administrative due process hearing, the hearing officer concluded that plaintiffs were not entitled to an IEE at public expense. Plaintiffs concede that they did not prevail at that hearing and thus are not authorized to receive attorneys' fees for work related to that due process complaint under the IDEA.

At the second administrative due process hearing, the hearing officer dismissed all of plaintiffs' claims. He concluded that he lacked jurisdiction because, as discussed above, A.G. did not assert that she was a student with a disability as required under the IDEA. See 20 U.S.C.

§§ 1400(d)(1)(A), 1415. Accordingly, plaintiffs did not prevail on any claim at this administrative due process hearing.

Plaintiffs' reliance on Durrell v. Lower Merion School District to obtain counsel fees and costs is misplaced. No. 10-6070, 2011 WL 2582147 (E.D. Pa. June 30, 2011). In Durrell, this court dismissed a student's claim that she was wrongfully identified as disabled under the IDEA because that statute protects only "children with disabilities." Id. at *3 (citing 20 U.S.C. §§ 1400(d)(1)(A), 1415(a)). Therefore the IDEA was inapplicable. However, we determined that the student could proceed with claims that she was discriminated against based on a perceived disability under § 504 and the ADA without first exhausting administrative remedies as required under the IDEA. Id. The parties in Durrell did not raise the issue of attorneys' fees for work performed at the administrative level under the IDEA and thus our Memorandum and Order did not address this matter.

The Durrell decision, which involved different plaintiffs, simply cannot be characterized as "actual relief on the merits of [A.G.'s] claim" as required for prevailing party status under Supreme Court precedent. See Farrar, 506 U.S. at 111. Moreover, our decision in Durrell in no way "modifi[ed] the [School District's] behavior" toward A.G. and her parents. Id. Durrell does not hold or imply that individuals such as A.G. and her parents are prevailing parties when they clearly did not succeed on a single claim at either of the administrative due

process hearings.  Accordingly, we will dismiss the claim of plaintiffs for attorneys' fees for work performed in connection with the administrative due process complaints on the ground that they have failed to state a claim upon which relief can be granted under Rule 12(b)(6).

We next turn to the School District's motion to dismiss A.G.'s parents for lack of standing under Rule 17 of the Federal Rules of Civil Procedure.  That rule provides that "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  It also specifies that "[c]apacity to sue or be sued is determined ... by the law of the individual's domicile."  Id. at 17(b)(1).

Under Pennsylvania law, an individual over the age of eighteen is an adult who can sue and be subject to suit.  20 Pa. Cons. Stat. Ann. § 102; Pa. R. Civ. P. 76, 2027; see also Kedra v. City of Phila., 454 F. Supp. 652, 661 (E.D. Pa. 1978).  A.G. was over the age of eighteen when the complaint was filed in this court.  Pursuant to Rule 17, she is correctly named as a plaintiff "on her own behalf" and can proceed without her parents as representatives.  A.G.'s parents have joined as her "Parents and Educational Decision makers."  The question therefore is whether A.G.'s parents have standing independent of their daughter's rights.

Plaintiffs rely on Winkelman v. Parma City School District. 550 U.S. 516 (2007).  There, the Supreme Court held that parents have "independent, enforceable rights" under the

IDEA.  Id. at 529.  The Court based its decision on the text of the IDEA, which is replete with references to "the rights of children with disabilities *and parents of such children*."  Id. at 523 (citing 20 U.S.C. § 1400(d)(1)(B)) (emphasis added).  We have since read Winkelman to apply to claims under the ADA and § 504, but only where there were also claims under the IDEA and the claims under the ADA and § 504 were closely intertwined with them.  Annika T. v. Unionville Chadds-Ford Sch. Dist., No. 08-4944, 2009 WL 778350, at *4 (E.D. Pa. Mar. 24, 2009); see also Tereance D. v. Sch. Dist. of Phila., 548 F. Supp. 2d 162, 170 (E.D. Pa. 2008).

Here, plaintiffs have not filed a claim under the IDEA.  They do not seek relief that is also available under that statute because, as discussed above, A.G. is not a "child with a disability" as required under the IDEA.  See Durrell, 2011 WL 2582147 at *3.  Instead, plaintiffs bring claims under the ADA and § 504 only, unrelated to the IDEA.  Those statutes do not contain any reference to the rights of parents, much less any "independent, enforceable rights" of parents.  Winkelman, 550 U.S. at 529.  As a result, Winkelman is inapplicable.

In their prayer for relief, plaintiffs request that this court enter judgment in favor of A.G. for the "psychological impact of her misidentification" and "her potential economic loss as a result of her improper placement."  They also seek attorneys' fees and costs.  The complaint is devoid of specific allegations that any independent rights of the parents of A.G.

were violated or that they themselves suffered an injury. Because A.G. has standing to bring this action on her own behalf, her requested relief will not be jeopardized by the dismissal of her parents.  Accordingly, we find that A.G.'s parents do not have standing under Rule 17.  We will dismiss them as parties.

Finally, the School District contends that A.G. as the remaining plaintiff has not stated a claim for monetary damages under § 504 and the ADA.  Although our Court of Appeals has not directly addressed the issue, the "overwhelming majority of circuit courts and the district courts within the Third Circuit ... require a plaintiff to prove intentional discrimination in order to be entitled to the remedy of compensatory damages under the ADA and § 504."  Chambers v. Sch. Dist. of Phila., No. 05-2535, 2011 WL 5041363, at *12 (E.D. Pa. Oct. 24, 2011).  The School District cites Chambers and several other unpublished memoranda in support of its motion to dismiss A.G.'s claim for compensatory damages.  See Adam C. v. Scranton Sch. Dist., No. 07-532, 2011 WL 996171, at *4-5 & n.7 (M.D. Pa. Mar. 17, 2011); Kaitlin C. v. Cheltenham Twp. Sch. Dist., No. 07-2930, 2010 WL 786530, at *6 (E.D. Pa. Mar. 5, 2010); Douris v. Bucks Cnty. Office of the Dist. Attorney, No. 03-5661, 2004 WL 1529169, at *5 n.7 (E.D. Pa. July 6, 2004).

With the exception of Kaitlin C., however, all of these cases were decided on motions for summary judgment.  Here, A.G. has alleged that the School District discriminated against her "because through its evaluations it wrongly regarded her as

disabled, identified her as a special education student, required her to attend special education classes and deprived her of access to certain regular education programming because of its erroneous belief that she had a disability."  Even assuming intentional discrimination is required, it is premature at this stage of the litigation to decide whether A.G. will be able to produce evidence of intent.  She should have an opportunity to discover facts relevant to her claim for compensatory damages.

     Accordingly, the motion of the School District to dismiss the claim of A.G. for compensatory damages under Rule 12(b)(6) will be denied.